**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

P.F., a minor by and through her natural mother and Next Friend Danielle Nesmith,

    Plaintiff,

v.

ASHLEY BREZENSKI et al.,

    Defendants.

Case No. 22-cv-1043-TC-RES

## MEMORANDUM AND ORDER

Defendants Ashley Brezenski and M.B., a minor by and through her natural father and next friend, Jeffrey Brezenski, filed a Motion to Stay this case pursuant to the Servicemembers Civil Relief Act ("SCRA").[1] ECF No. 7. Plaintiff P.F., a minor by and through her natural mother and next friend, Danielle Nesmith, opposes the motion. For the reasons explained below, the Court denies Defendants' Motion for a Stay.

**I.  BACKGROUND**

This is a personal injury case involving an explosion that occurred on June 13, 2021, in Ms. Brezenski's backyard while minors P.F. and M.B. were playing. ECF No. 1 at ¶ 3. As a result of the explosion, P.F. sustained injuries.[2] *Id.* On November 30, 2021, Plaintiff filed a petition for damages in the District Court of Sedgwick County, Kansas, generally alleging Ms. Brezenski and M.B. acted negligently and were the legal cause of Plaintiff's injuries. *See* ECF No. 1-1. Shortly

---

[1] The Servicemembers Civil Relief Act was formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940, formerly cited under 50 App. U.S.C. § 500 *et seq.*

[2] Both Defendants admit in their answers that Plaintiff sustained injuries from the June 13, 2021 explosion. ECF No. 4 at ¶ 4; ECF No. 5 at ¶ 4.

after filing the petition, Defendants removed this case to this Court. ECF No. 1. On February 14, 2022, both Defendants filed their answers, generally denying liability for Plaintiff's injuries. *See* ECF Nos. 4-5.

On March 2, 2022, Defendants filed a motion to stay this case pursuant to the SCRA. ECF No. 7. Defendants assert that Mr. Brezenski is currently a Sergeant in the United States Army stationed at Fort Hood, Texas. ECF No. 7 at 2. Defendants assert that from February 28, 2022, until 2035, Mr. Brezenski will be attending various military training in and out of the state followed by at least ten years of military service. *Id.* at 2-3. In support of their motion, Defendants attach two letters: one from Mr. Brezenski; and one that appears to be from his commanding officer, Ronald Apostle. ECF Nos. 7-1, 7-2. Both Mr. Brezenski and Mr. Apostle assert that Mr. Brezenski is currently attending training at the National Training Center. *Id.* Upon completion, he will attend Master Gunner Common Core from July 12, 2022, though August 9, 2022. *Id.* Following his graduation from Master Gunner Common Core, Mr. Brezenski will attend Warrant Officer Candidate School to become an Army Warrant Officer. *Id.* After completing Warrant Officer Candidate School, Mr. Brezenski will start an 18-month training program to become an Army aviator, with a minimum of ten years of obligated service to follow. *Id.*

Defendants argue Mr. Brezenski's military service will materially affect his ability to appear in court, which will adversely affect his ability to defend this case and represent the interests M.B. ECF No. 7 at 3. As such, Defendants argue they are entitled to a stay under the SCRA until at least January 2025, plus 90 days, and up to January 2035, plus 90 days, or "in the event he is deployed, stay until his active military service is complete and 90 days thereafter." *Id.*

Plaintiff argues that the SCRA does not apply to this case because Mr. Brezenski is not a defendant, but was just listed in the original petition as a next friend for minor M.B. ECF No. 15

2

at 2-3. Plaintiff further argues that Defendants have failed to meet the statutory conditions for a stay. *Id.* at 3. Defendants argue in their reply that Mr. Brezenski is a defendant pursuant to K.S.A. § 60-217 and that they have met the conditions for a stay under the SCRA. ECF No. 17. This issue is now before the Court.

## II.     LEGAL STANDARD

The SCRA provides benefits and protections to those serving in the military service "to enable such persons to devote their entire energy to the defense needs of the Nation[.]" 50 U.S.C. § 3092(a). Among those protections is a provision that can temporarily suspend judicial proceedings "that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(2).

By its express language, the stay provided in 50 U.S.C. § 3932(a) is limited in its application:

> This section applies to any civil action or proceeding, including any child custody proceeding, in which the *plaintiff or defendant* at the time of filing an application under this section—(1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding.

*Id.* (emphasis added). The court may on its own motion and "shall, upon application by the servicemember," stay a case for at least 90 days if the conditions in 50 U.S.C. § 3932(b)(2) are met. 50 U.S.C. § 3932(b)(1).

An application for a stay under 50 U.S.C. § 3932(b)(2) must include:

(A)     A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

(B)     A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents

3

>> appearance and that military leave is not authorized for the servicemember at the time of the letter.

*Id.* These requirements can be met with a single letter or communication. *Pandolfo v. Labach*, 727 F. Supp. 2d 1172, 1175 (D.N.M. 2010). The latter two facts, that the servicemember's military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter, must come from the servicemember's commanding officer. *Id.* A servicemember may request a stay of an action pursuant to 50 U.S.C. §§ 3931 or 3932. A servicemember who applies for a stay under 50 U.S.C. § 3932 and is unsuccessful may not seek the protections afforded by § 3931. 50 U.S.C. § 3932(e).

If the conditions in both 50 U.S.C. §§ 3932(b)(2)(A) and (B) are met, a court must temporarily stay the case. *See Turner v. A. Passmore & Sons Inc.*, 341 F. App'x 363, 370 (10th Cir. 2009) (the court "must at the servicemember's request, stay any proceeding in which a servicemember is a party," under the conditions of the SCRA); *see also Elzy v. Williams*, No. 11-1133-CM, 2013 WL 6016920, at *3 (D. Kan. Nov. 13, 2013) (If the conditions of the SCRA are met, "the court must stay an action for a period of at least ninety days."). The court is "not required to grant a request for a stay if the servicemember has not met the documentary requirements" of the SCRA. *Dugan v. Dep't of Pub. Safety of New Mexico*, No. CV 09-605 JP/KBM, 2010 WL 11623365, at *3 (D.N.M. Apr. 9, 2010); *see also Teas v. Ferguson*, No. CIV. 07-5146, 2007 WL 4106290, at *1 (W.D. Ark. Nov. 16, 2007) (servicemember's motion for a stay clearly did not meet the statutory requirements and was therefore denied). The statute is "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014) (internal quotations omitted); *see also Boone v. Lightner*, 319 U.S. 561, 575, 63 S. Ct. 1223, 1231 (1943) (the SCRA is to be liberally construed to protect the civil rights of a servicemember while serving

in the military.).  The SCRA, however, is not to be used as a sword to give servicemembers "an unwarranted advantage over civil litigants."  *See Dugan*, 2010 WL 11623365, at *3.

## III.   DISCUSSION

Defendants argue that because Mr. Brezenski will be attending military trainings with obligated military service thereafter, he will be unable to appear in court to adequately defend the interests of the minor M.B.  But for the reasons explained below, the Court cannot grant the request for a stay pursuant to the SCRA.  *First*, neither 50 U.S.C. §§ 3931 nor 3932 apply to this case because Mr. Brezenski is not a plaintiff or defendant in this action, and Defendants have appeared.  *Second*, even if they were to apply, Defendants' request for a stay under the SCRA fails to satisfy all of the statutory requirements.  *Third*, despite neither stay provision applying and Defendants' requests for a stay being deficient, the Court will not exercise its discretion and stay this case because Mr. Brezenski's absence from this specific case would not materially prejudice the prosecution or defense of this case.

### A.    Application of 50 U.S.C. § 3932(a)

Defendants argue that they are entitled to a stay under 50 U.S.C. § 3932 because they have satisfied the conditions of 50 U.S.C. § 3932(b)(2) based on the two letters they submitted in their request.  ECF No. 7 at 2-3.  But there is a threshold question the Court must answer before evaluating whether the factual requirements in 50 U.S.C. § 3932(b)(2) have been met.  The Court must first decide whether this statute applies to this case, as required by 50 U.S.C. § 3932(a).  50 U.S.C. § 3932(a) applies only to civil actions or proceedings "in which *the plaintiff or defendant*" is in military service.  (emphasis added).

As Plaintiff argues, Mr. Brezenski is not a defendant in this case.  *See* ECF No. 15 at 2-3. Plaintiff does not allege that Mr. Brezenski acted carelessly or negligently, was the legal cause of

5

Plaintiff's injuries or that he was at the residence when the explosion occurred.  He is listed in the complaint solely as the next friend of his minor daughter, M.B.

The parties have submitted few arguments and authorities in support of their positions on this threshold question of whether Mr. Brezenski's next friend status makes him a defendant in this civil action.  Neither party has cited to any cases addressing the application of 50 U.S.C. § 3932 when the servicemember at issue is a next friend in the litigation.  Defendants' opening motion does not address this issue and merely assumes that 50 U.S.C. § 3932(a) applies because Mr. Brezenski was named in a representative capacity in the original state court petition.  In response, Plaintiff filed a four-page brief that includes just one citation on this issue.  *See* ECF No. 15 at 2 n.f.[3]  In the reply, Defendants do not address this case or provide any other authority on this issue.  Instead, Defendants solely cite to K.S.A. § 60-217, claiming that this statute means "Jeffrey Brezenski appears in this action as a representative defendant, [and] he is still a defendant in this suit and, moreover, a defendant that was selected at Plaintiff's choosing."  ECF No. 17 at 1.

A "next friend" is defined as "[s]omeone who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but *who is not a party to the lawsuit* and is not appointed as a guardian."  Black's Law Dictionary 1254 (11th ed. 2019) (emphasis added).  Typically, a next friend is not the real party in interest in a lawsuit.  "A 'next friend' does not himself become a

---

[3] Plaintiff's lone citation is to a 1944 West Virginia Supreme Court decision that provides little guidance here.  In that case, because the sailor was not a named party (or named as a next friend of any kind) in the suit, the court found a stay was not warranted pursuant to an earlier version of the SCRA because "Raymond P. McDaniel was in no way involved' in the present suit; he was not a 'plaintiff or defendant' therein . . . ."  *Rosier v. McDaniel*, 126 W. Va. 434, 28 S.E.2d 908, 913 (1944).  While the court discussed that Mr. McDaniel might later become a party to the suit, the court stated that a potential stay "will need to be reconsidered" at that time if Mr. McDaniel then moved for a stay.  *Id.*

6

party to the [] action in which he participates, but simply pursues the cause on behalf of the [incapacitated] person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163, 110 S. Ct. 1717, 1727 (1990); *see also Morgan v. Potter*, 157 U.S. 195, 198, 15 S. Ct. 590, 591 (1895) ("It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another."); *United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2021 WL 5505457, at *1 (D. Kan. Nov. 24, 2021) (same, citing *Whitmore*).

Defendants urge the Court to look at Kansas state law. Other than citing to K.S.A. § 60-217, Defendants cite no authority that a next friend is considered either a plaintiff or defendant in a lawsuit. Instead, in caselaw dating back to 1916, Kansas courts have held that a next friend is not the real party in interest.[4]

In *Henry v. Missouri, K. & T. Ry. Co.*, 98 Kan. 567, 158 P. 857, 857 (1916), the Kansas Supreme Court analyzed whether an earlier lawsuit, "brought for the son by the father, as next friend," operated as res judicata in a later lawsuit in which the father was individually named. The Court held: "The plaintiff here [the father] is not suing in the same capacity as was the plaintiff in the former action. There the son was the real plaintiff, the father a mere nominal plaintiff. Persons

---

[4] Many other states have similarly held that a next friend is not the real party in interest. *See, e.g., In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015) ("In a suit by a next friend, the real party plaintiff is the child and not the next friend."); *Fischer ex rel. Scarborough v. Fischer*, 34 S.W.3d 263, 265 (Mo. Ct. App. 2000) ("a next friend is not a party to the litigation except as a statutory vehicle to enable an infant to prosecute his or her action."); *Gugliemo v. Caldor, Inc.*, No. 0043816, 1995 WL 116689, at *1 (Conn. Super. Ct. Mar. 9, 1995) ("The next friend of an infant plaintiff cannot maintain a suit in his own name, but the suit must be brought in the name of the infant. The process must run in the name of the infant by his next friend, and not in the name of the next friend acting for the infant.").

7

who are mere nominal and not real parties are not bound. Thus what is known as a 'use plaintiff,' that is, where suit is prosecuted by one person for the use of another, it is the latter alone who is bound by the judgment." *Id.* at 858. A more recent decision from this District relied on this language from *Morgan* in finding that a next friend is not the real party of interest under Kansas law. *See Perkins v. Univ. of Kansas Med. Ctr.*, No. 13-2530-JTM, 2014 WL 1356042, at *4 (D. Kan. Apr. 7, 2014) ("Perkins's assertion that she is the 'next friend' of her father does not establish that she is the real party in interest to bring this action.").

The question then becomes whether K.S.A. § 60-217 requires a different conclusion. K.S.A. § 60-217(c)(2) states that a "minor or an incapacitated person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Defendants do not point to any caselaw, and this Court has been unable to find any, that suggests that when an individual prosecutes or defends a case for a minor as their next friend, they become a real party to the case under Kansas law.

To the contrary, Kansas courts interpreting K.S.A. § 60-217 have stated that this statute still requires "that every civil action must be prosecuted in the name of the real party in interest. It later provides that a minor may sue or defend an action with a representative." *Matter of L.L. by & through C.W.*, 484 P.3d 264, at *5 (Kan. Ct. App. 2021), *review granted* (June 9, 2021). In *L.L.*, the grandparents of a minor petitioned on behalf of the minor for a determination of paternity and grandparents rights. *Id.* at *1. The grandparents named themselves as parties and specified that they also were acting as next friends for the minor. *Id.* at *5. The court cited Black's Law definition of "next friend" and explained that the requirement that the next friend not be a party to the lawsuit makes sense because it "prevents the next friend from pursuing a course of conduct that is beneficial to him or her as a party to the litigation rather than the best interests of the

8

incompetent plaintiff." *Id.* The court noted that the most widely approved practice in litigation involving minors, which the court found to be consistent with K.S.A. § 60-217, is to appoint a next friend or guardian ad litem, who is typically the nearest relative of the minor "not having an antagonist interest in the matter, and not otherwise disqualified." *Id.*[5] Additional Kansas cases support this same conclusion. *See Lawrence v. Boyd*, 207 Kan. 776, 780, 486 P.2d 1394, 1397 (1971) (minor child qualifies as a real party of interest "to maintain an action by its next friend" to enforce father's obligation of support because "the right sought to be enforced belongs to the child."); *see also Matter of Est. of Wise*, 20 Kan. App. 2d 624, 633, 890 P.2d 744, 750 (1995) (parent does not have the "'authority to consent that a judgment be rendered against [their] infant child, and when admitted to prosecute or defend as a next friend or guardian ad litem [they] cannot by admissions or stipulations surrender the substantial rights of the infant.'" (citing *Missouri Pac. Ry. Co. v. Lasca*, 79 Kan. 311, 99 P. 616, 618 (1909))).

Finally, Defendants argue that Mr. Brezenski must be considered a defendant in this suit because Plaintiff selected him. ECF No. 17 at 1. Defendants again do not support this argument with any caselaw, and this Court has been unable to find any caselaw where a plaintiff's decision to assert a next friend for a minor somehow converts that next friend into a party to the lawsuit.

While Defendants are correct that Plaintiff expressly chose to name Mr. Brezenski as the next friend, he is not the only possible next friend. State law governs who can represent a minor in federal court and Kansas law provides many options. *See* Fed. R. Civ. P. 17(b)(3); K.S.A. § 60-

---

[5] K.S.A. § 60-217 mirrors the language of Fed. R. Civ. P. 17. Federal caselaw also supports the proposition that the minor remains the real party in a suit brought by a next friend. *See, e.g., Helminski v. Ayerst Lab'ys, a Div. of Am. Home Prod. Corp.*, 766 F.2d 208, 213 (6th Cir. 1985) (citing to Fed. R. Civ. P. 17(c)); *Hargrove v. Jefferson Cty. Bd. of Educ.*, No. 3:16-CV-806-DJH-RSE, 2022 WL 188190, at *2 (W.D. Ky. Jan. 20, 2022) (citing to Black's Law definition of "next friend").

217(c)(1) (listing representatives who can sue or defend on behalf of a minor including: a general guardian; a committee; a conservator; or a fiduciary). In Kansas, a parent is the natural guardian of a minor and has superior rights over nonparents unless the parents are unfit or extraordinary circumstances exists. *Matter of L.L.*, 484 P.3d at *5 (citing *Matter of Guardianship of B.H.*, 309 Kan. 1097, 1104-05, 442 P.3d 457, 463 (2019)).

Rule 17(c) gives the court the power to authorize someone else as the next friend or guardian ad litem "where the representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent." *Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010) (quoting *Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist.,* 873 F.2d 25, 29 (2d Cir. 1989)). Rule 17(c) flows from the "general duty of the court to protect the interests of infants and incompetents in cases before the court." *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) ("when the court determines that the interests of the infant and the infant's legal representative diverge, appointment of a guardian ad litem is appropriate." (citation omitted)).

Defendants argue that because a minor must be represented in a lawsuit, "the representative that defends the case on behalf of a minor is a necessary party to the case." ECF No. 17 at 1. Even if true, that does not make Mr. Brezenski the only possible person to represent M.B. To the extent that Mr. Brezenski is unable to defend this action on behalf of M.B. because of his military commitments, it is well within the discretion of the Court to appoint a new next friend. Who should serve as that next friend in Mr. Brezenski's absence is not a question before this Court. Ultimately, Mr. Brezenski's status as next friend of minor M.B. does not make him a defendant for purposes of the SCRA. As such, 50 U.S.C. § 3932 is not applicable to this case.

B.        Application of 50 U.S.C. § 3932(b)

Even if 50 U.S.C. § 3932(a) were to apply to this case, Defendants' request for a stay under the SCRA is deficient.  *First*, Mr. Apostle's letter does not state that Mr. Brezenski's current military duty prevents his appearance.  While Mr. Apostle describes Mr. Brezenski's training and obligated military service, he does not say such training or military service prevents him from appearing in court.  Alleging on-going military service is not enough.  *See Galgano v. Cty. of Putnam, N.Y.*, No. 16-CV-3572 (KMK), 2016 WL 11701301, at *2 (S.D.N.Y. Nov. 15, 2016) ("The Act cannot be construed to require continuance on mere showing that the defendant [is] ... in the military service." (internal quotations omitted)).

*Second*, Mr. Apostle's letter does not state that military leave is unauthorized for Mr. Brezenski.  Defendants attempt to cure this deficiency in their reply by citing to a question on the Frequency Asked Questions page for the U.S. Army Warrant Officer Career College, which states that leave is not authorized due to COVID-19 requirements.  *See* ECF No. 17 at 2.  This information, however, does not come from Mr. Brezenski's commanding officer, as required by 50 U.S.C. § 3932(b)(2)(B).  Also, the question only addresses leave *after* completion of Army Warrant Officer College and leave sought pursuant to COVID-19, which is not the issue here.  Furthermore, the question does not address whether leave will be available for Mr. Brezenski during or after military training at the National Training Center, during or after Master Gunner Common Core, during Warrant Officer Candidate School or during his obligated military service.  *See Little v. City of Owensboro, Ky.*, No. 421CV00055JHMHBB, 2021 WL 5142777, at *3 (W.D. Ky. Nov. 3, 2021) ("From these statements, the undersigned can only draw the conclusion that leave, while inconvenient to both the Army and the other members of Dunn's team, is nonetheless available to at least a limited degree 'at the time of the letter.'  Certainly this could change if Dunn

is dispatched for service abroad or at some other remote location, but, for the present, the documentation does not establish that leave 'is not authorized.'").[6]

Because Defendants have not met the conditions of subsection (b)(2), the Court is not required to grant the request for a stay even if 50 U.S.C. § 3932 applied.

### C.     Request for a Stay under 50 U.S.C. § 3931

Defendants also argue they are entitled to a stay under 50 U.S.C. § 3931(b) because Mr. Brezenski's current military training affects his ability to defend this lawsuit and represent the interests of M.B.  ECF No. 7 at 3.  As such, Defendants argue they qualify for the SCRA's benefits and protections, "including the ability to stay civil court proceedings for the period of [Mr. Brezenski's] military service, and 90 days thereafter, in order to better defend this lawsuit and adequately represent the interests of his minor daughter, M.B." *Id.*

The requirements for a stay under 50 U.S.C. § 3931 differ from those under § 3932.  Section 3931 is intended to protect servicemembers against default judgements and only applies "to any civil actions . . . in which the defendant does not make an appearance."  50 U.S.C. § 3931(a). Under  50 U.S.C. § 3931(d), the Court "shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel . . . if the court determines that—(1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists."

---

[6] Neither letter provides a specific starting date for when Mr. Brezenski will be available to appear, as is required by 50 U.S.C. § 3932(b)(2)(A).  Defendants request a stay until three different dates: January 2025 plus 90 days; January 2035 plus 90 days; or until Mr. Brezenski's military service is complete plus 90 days.  *See* ECF No. 7 at 3.  At the earliest, it seems Mr. Brezenski can appear approximately three years from now after he finishes Army Aviator training, even if he may still have years of military service remaining.

12

This section of the SCRA also is not applicable to this case.  50 U.S.C. § 3932(e) states that a servicemember who is unsuccessful in seeking a stay pursuant to 50 U.S.C. § 3932 may not seek the protections afforded by § 3931.  As previously explained, Defendants have unsuccessfully requested a stay under 50 U.S.C. § 3932, meaning they may not seek a stay under § 3931.

Moreover, Defendants have appeared in this case.  Defendants admit in the Notice of Removal that service for the underlying petition was completed on January 24, 2022, when counsel for Defendants filed their entries of appearance.  ECF No. 1 at ¶ 2.  After Defendants removed this case to federal court, Defendants filed Answers to the Complaint.  ECF Nos. 4-5.  Defendants have made their appearances and filed answers in this case, making 50 U.S.C. § 3931(d) inapplicable. *See United States v. Smith*, No. CIV 04 859 C, 2006 WL 2338267, at *1 (W.D. Okla. Aug. 10, 2006) (servicemembers who appear or have notice of the action may not avail themselves of the protections provided by 50 U.S.C. § 3931(d)).

Finally, even if 50 U.S.C. § 3931 were applicable to this case, Defendants' request for a stay under this provision is deficient.  Counsel for Defendants has not alleged that they have been unable to contact Mr. Brezenski or otherwise unable to determine if a meritorious defense exists. *See* 50 U.S.C. § 3931(d)(2).  Defendants additionally do not argue that there may be a defense to this action that cannot be presented without the presence of Mr. Brezenski.  *See* 50 U.S.C. § 3931(d)(1).  As such, Defendants are not entitled to a stay under 50 U.S.C. § 3931.

### D.     Court's Discretion to Grant a Stay

Ultimately, despite failures to satisfy all of the technical requirements of the SCRA, courts have granted a stay when they have found that the absence of the servicemember would materially prejudice the case.  *See Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2016 WL 11508264, at *2 (E.D. Tenn. July 25, 2016) (although servicemember's request for a stay was deficient, the

court "must consider whether a stay is nevertheless proper based on its 'broad distraction to stay proceedings as an incident to its power to control its own docket'") (citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997));  *United States v. Smith*, No. CIV-04-859-C, 2006 WL 2338267, at *1-2 (W.D. Okla. Aug. 10, 2006) (granting a motion to stay under the SCRA even though "it [was] not clear that that [statute] applie[d]."). These opinions are consistent with the language in 50 U.S.C. § 3932(b)(1), which permits the court to enter a stay on its own motion in a civil action in which a servicemember is a "party" to the lawsuit.

In all those cases, however, the servicemember requesting the stay was a party to the action making the SCRA plainly applicable. As previously explained, Mr. Brezenski is not a party to this case and there is no language in the SCRA that indicates that the protections of a stay extend to a servicemember's spouse or children. Furthermore, Mr. Brezenski's absence would not materially prejudice the prosecution or defense of this action because Defendants do not argue there is a defense to this action that cannot be presented without Mr. Brezenski. To the extent Mr. Brezenski is unable to represent M.B. in this action, the Court has the authority to appoint a different next friend. As such, a stay is not warranted in this case.

## IV.  CONCLUSION

For the reasons explained above, Defendants' Motion to Stay Case Pursuant to the Servicemember's Civil Relief Act is **DENIED**. In a separate order, the Court will reset the Scheduling Conference and the parties will be required to meet and confer again and to submit a revised Report of the Parties' Planning Conference along with copes of the parties' Rule 26(a) initial disclosures.

**IT IS SO ORDERED.**

Dated: April 18, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
U.S. Magistrate Judge